UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-20083-ALTONAGA/REID

UNITED STATES OF AMERICA,

v.

NIKITA S. HERMESMAN,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

    This matter is before the Court upon Chief Judge Cecilia M. Altonaga's Order of Referral [ECF No. 35], to conduct a Change of Plea Hearing for Defendant Nikita S. Hermesman in this case. The Court having conducted the Change of Plea Hearing on May 7, 2024, to determine whether Defendant has knowingly and voluntarily entered a guilty plea, **RECOMMENDS** that Defendant's change of plea be accepted for the following reasons:

    1.    The Court convened a hearing to permit Defendant to enter a change of plea. At the outset of the hearing, Defendant was advised of his right to have these proceedings conducted by the district judge assigned to his case. Additionally, it was explained that the district judge assigned to this case would be the sentencing judge and conduct the sentencing hearing and would make all findings and rulings concerning Defendant's sentence and decide whether to accept the Government's recommendations as to sentencing.

    2.    Defendant was informed that he did not have to permit a federal magistrate judge to conduct the Change of Plea Hearing and could request that the Change of Plea Hearing be conducted by the district judge assigned to the case. Defendant, his attorney, and the Government all consented on the record to the Undersigned conducting the hearing.

1

3.     Further, the Court inquired into whether Defendant had ever been treated for mental health or addiction issues, and whether he was under the influence of any prescribed or proscribed substances at the time of the Hearing. He denied any recent mental health or addiction issues and stated he was able to fully understand the proceedings. Based on Defendant's responses to these inquires, the Court determined Defendant was competent and able to fully understand the proceedings.

4.     The Court conducted a plea colloquy in accordance with Fed. R. Crim. P. 11.

5.     The parties entered into a written plea agreement in this case. The Court reviewed the plea agreement on the record, and the Defendant acknowledged on the record that he had signed and understood it. Defendant pleaded guilty to Count 1 of the Information, charging him with conspiracy to commit health care fraud in violation of 18 U.S.C. §§ 1347 and 1349.

6.     The Court ensured that Defendant understood the terms of the plea agreement and that the plea agreement represented, in its entirety, the understanding Defendant has with the Government.

7.     The Government stated on the record a factual basis for the entry of the plea that included all essential elements of the offense to which Defendant is pleading guilty and any sentencing enhancement and/or aggravating factors that may be applicable. Specifically, the Court reviewed with Defendant the Government's factual proffer, to assure that a factual basis for the entry of the plea exists. Defendant assented to the accuracy of the proffer and acknowledged his participation in the offense.

8.     Further, the Court reviewed with Defendant the possible minimum and maximum penalties for the charged offense. Defendant acknowledged that he understood these possible penalties. Defendant was further advised that the Court may impose a statutory maximum term of

imprisonment of up to ten (10) years, followed by a term of supervised release of up to three (3) years. The Court also advised Defendant that in addition to a term of imprisonment and supervised released, the Court may impose a fine of up to $250,000.00 or twice the gross gain or loss resulting from the offense, and a special assessment in the total amount of $100. The Court advised Defendant that restitution and forfeiture are applicable, totaling $7,728,257 and $2,389,140, respectively.

9. Defendant agreed to fully and truthfully disclose the existence, nature and location of all assets in which the Defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction.

10. Defendant acknowledged that he had reviewed the Information, discussed the charge against him with his attorney, and was satisfied with the legal representation he received, and had a full opportunity to discuss the facts of the case with his attorney.

11. Defendant acknowledged that pleading guilty may have consequences with respect to his immigration status if he is not a natural-born citizen of the United States. Defendant nevertheless affirmed that he wanted to plead guilty regardless of any immigration consequences.

12. The Court specifically reviewed the terms of the appeal waiver in Paragraph 22 of the plea agreement. Defendant acknowledged he had sufficient time to discuss the terms of the appeal waiver with his attorney and he understood it. The Court also specifically reviewed Defendant's waiver of his right in Paragraph 22 to challenge the constitutionality of the charged statutes and/or whether his conduct fell within the scope of the statutes, under 28 U.S.C. § 1291, and Defendant also acknowledged he had sufficient time to discuss the terms of the waiver with his attorney and understood it. The Court finds that Defendant's waiver of his right to appeal the

sentence imposed in the case and his right to appeal his conviction in the manner described in the agreement is knowing and voluntary.

13. Based upon the foregoing and the plea colloquy conducted, it is recommended that Defendant be found to have freely and voluntarily pleaded guilty to the Information and that Defendant be adjudicated guilty of the offense charged.

14. A pre-sentence investigation report is being prepared. Sentencing will be set before Chief Judge Cecilia M. Altonaga.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendant's guilty plea be accepted, Defendant be adjudicated guilty as to Count 1 of the Information to which he has entered a plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

Objections to this Report may be filed with the district judge within **five** (5) days of receipt of a copy of the Report. Failure to timely file objections waives a party's right to review issues related to the Defendants' plea under Fed. R. Crim. P. 11 before the District Judge or the Court of Appeals. *See* Fed. R. Crim. P. 59(b)(1), (2); 11th Cir. R. 3-1; *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 7th day of May 2024.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **Chief Judge Cecilia M. Altonaga;**

**All Counsel of Record**

5